# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

CORNELL A. SUTTON,

    Plaintiff,

v.

SUCCESS SYSTEMS, LLC d/b/a THE CREDIT PROS,

    Defendant.
_____/

Case No. 9:24-cv-80789

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW comes CORNELL A. SUTTON ("Plaintiff"), by and through the undersigned, complaining as to the conduct of SUCCESS SYSTEMS, LLC d/b/a THE CREDIT PROS ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.* in connection with Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the Southern District of Florida.

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

5. Defendant is a credit repair organization offering consumers the ability to improve their credit through its offered services. Defendant is a limited liability company organized under the laws of Puerto Rico. According to the Florida Secretary of State, Defendant's principal place of business is located at 604 Hoare Street, San Juan, Puerto Rico. However, upon information and belief, the location of Defendant's principal operations and employees is actually 7750 Okeechobee Boulevard, Suite 4-765, West Palm Beach, Florida 33411.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately January of 2022, Plaintiff was looking for assistance with improving his credit score, and began looking into various credit repair companies for assistance.

9. In connection therewith, Plaintiff came across Defendant's services, and subsequently spoke with Defendant's representative over the phone in approximately January of 2022.

10. Defendant's representative did not advise where it was located at the time they spoke with Plaintiff, although upon information and belief Defendant's representative was located at Defendant's offices located in West Palm Beach, Florida.

11. During such phone call, Defendant represented that its services would improve Plaintiff's credit, as Defendant would assess the information that was negatively impacting Plaintiff's credit, and subsequently submit disputes to the credit reporting agencies seeking to have that information removed.

12. Defendant affirmatively represented that the information would be disputed and would be removed from Plaintiff's credit, regardless of whether the disputed information was accurate or otherwise could properly be removed from Plaintiff's credit.

13. Defendant further represented that its services would deliver an improvement to Plaintiff's credit, and that all of the desired information would be removed from his credit report, within 6 months of signing up for Defendant's services.

14. Finding desirable the nature of Defendant's representations, Plaintiff subsequently entered into a contract with Defendant for its provision of services in approximately January of 2022.

15. Upon information and belief, immediately above Plaintiff's signature line on the contract, Defendant represented that it "shall conduct business in accordance with the provision of the Credit Repair Organizations Act."

16. Plaintiff made an upfront payment to Defendant, followed by monthly payments totaling approximately $109.00 per month.

17. Plaintiff maintained his payments to Defendant for approximately 2 years.

18. Despite Plaintiff's maintenance of his payments, Defendant failed to deliver the results or provide the services in the manner represented.

19. Although Defendant represented that Plaintiff's credit score would improve through its services, Defendant's services did not have this impact.

20. Over years of making his payments to Defendant, Defendant persistently challenged the same information on a monthly basis, only to fail to deliver the represented savings.

21. Plaintiff complained to Defendant about the nature of its services, and Defendant represented that results would be delivered, so long Plaintiff continued maintaining his monthly payments.

22. In an effort to keep Plaintiff on the hook for services, Defendant to reduce Plaintiff's monthly payments.

23. Defendant's services failed to provide any meaningful improvement to Plaintiff's credit despite Plaintiff paying for Defendant's services for years.

24. Defendant was unable to get the extent of negative information removed from Plaintiff's credit as represented.

25. Upon information and belief, Defendant failed to get the information removed because it was challenging items that were accurate or which otherwise had no reasonable basis to be removed from Plaintiff's credit.

26. Defendant further falsely, deceptively, and misleadingly represented the increase in credit score that Plaintiff would experience, and did so in order to extract payments from Plaintiff in connection with services whose qualities and benefits were misrepresented to Plaintiff, all the while continuing to string Plaintiff along and attempt to keep him on the hook for misrepresented services so long as he continued making his monthly payments.

27. Defendant further represented that it would, and upon information and belief subsequently did, submit disputes challenging information on Plaintiff's credit

report without any reasonable indication that such information was inaccurate, obsolete, or could otherwise reasonably be removed from Plaintiff's credit reports.

28. Defendant thus falsely, deceptively, and misleadingly represented to Plaintiff the extent to which it could have the accurate and correctly-reporting information removed from his credit.

29. Defendant's conduct evinces an overarching deceptive business model that actively commits fraud, and similarly attempts to commit fraud, on unwitting consumers, as Defendant's conduct is designed to make vulnerable consumers believe they will experience results that are completely unrealistic and which Defendant ultimately fails to deliver and failed to deliver to Plaintiff.

30. Upon information and belief, Defendant is engaged in a pattern and practice of misrepresenting the results consumers can expect through its services on a wide and persistent basis and engages in this conduct as a matter of course with all consumers with which it deals.

31. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient and misrepresented services, further out of pocket expenses, as well as numerous violations of his state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

34. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    a. **Violations of CROA § 1679b(a)**

35. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

36. Defendant violated the above provisions of the CROA through the false and deceptive representations it made to Plaintiff regarding the efficacy of its offered services. Around the time Plaintiff signed up for Defendant's services and upon speaking with a representative of Defendant's over the phone on or about January of 2022, Defendant represented that Plaintiff would experience an increase in his credit score, and have the desired information removed from his credit reports, and that such results would be delivered within 6 months of Plaintiff signing up with Defendant. Defendant subsequently failed to deliver these results despite Plaintiff making payments for years. Defendant's failure to deliver the represented results in the manner and time frame represented demonstrates the false, misleading, and fraudulent nature of the representations it made to induce Plaintiff to sign up for Defendant's services.

37. Defendant further violated the above provisions of the CROA through its general misrepresentations regarding the parameters of its dispute capabilities and the information that could reasonably be challenged and removed from Plaintiff's credit reports through Defendant's disputes. Around the time Plaintiff signed up for Defendant's services and spoke with a representative of Defendant's over the phone on or about January of 2022, Defendant represented and suggested to Plaintiff that it would be able to remove any information from Plaintiff's credit reports, regardless of whether it was inaccurate, obsolete, or otherwise could be removed from

Plaintiff's credit. This is an inherently deceptive and misleading representation, as only inaccurate or obsolete information can be removed from consumers' credit profiles. Defendant misrepresented the information it could have removed in order to convince Plaintiff it could remove the information that was harming his credit and convince him to use Defendant's services, despite knowing the extent to which it could not reasonably have the extent of desired information removed from Plaintiff's credit.

38. Defendant further violated the above provisions of the CROA through its deceptive representations that Defendant shall comply with the CROA and state laws in connection with its services. In the contract entered into between the parties, executed in approximately January of 2022, Defendant avers that it shall comply with the CROA. However, it is clear that Defendant does not, and did not, comply with the CROA. Aside from Defendant's deceptive and misleading conduct, Defendant plainly failed to comply with the technical requirements of CROA in connection with its dealings with Plaintiff. Defendant makes this false and deceptive representation as to compliance in an attempt to convince consumers that Defendant is a lawfully compliant company so as to not only (falsely) bolster their legitimacy and credibility in Plaintiff's and consumers' minds, but to similarly convince Plaintiff and consumers that any effort to vindicate their rights under such consumer

protections statutes would be futile given Defendant's purported compliance therewith.

39. Defendant further violated the above provisions of the CROA through its deceptive conduct in stringing Plaintiff along and continuing to represent that results would be delivered so long as Plaintiff continued to make payments. Throughout the course of the parties' dealings, from approximately January of 2022 to early 2024, Defendant informed Plaintiff that it would deliver the represented results and remove the information from Plaintiff's credit reports as promised, all in an effort to get Plaintiff to stay in Defendant's program and continue to make monthly payments. However, Defendant ultimately failed to deliver the represented results despite stringing Plaintiff along for years.

40. Defendant further violated the above provisions of the CROA through its deceptive conduct in disputing the same debts, with the same disputes, for years. Defendant, throughout the life of the parties' dealings from approximately January of 2022 through early 2024, repeatedly submitted disputes challenging the same debts. Upon information and belief, Defendant was notified by the credit reporting agencies that the information being disputed was accurate. Similarly, the fact that Defendant repeatedly disputed the same information, yet failed to get it removed, should have shown to Defendant that it would be unable to get the information removed. However, Defendant persisted in disputing these same debts for years, all

the while collecting Plaintiff's monthly payments and stringing Plaintiff along. Defendant's conduct constitutes misleading representations conduct, as well active fraud or an attempt to commit a fraud or deception, as Defendant deceptively persisted in a futile course of disputes in exchange for consumers' and Plaintiff's continued monthly payments.

    b. **Violations of CROA § 1679b(b)**

41. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

42. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services were fully performed. Defendant improperly charged Plaintiff upfront fees before performing any work for Plaintiff. Further, Defendant repeatedly and throughout the life of the parties' dealings charged Plaintiff for generally deficient and misrepresented services that failed to deliver the promised results. Defendant's charging of premature fees denied Plaintiff the time value of money associated with the premature fees, and further allowed Defendant to recoup payments for its services despite not performing the represented services or delivering the represented results.

    c. **Violation of CROA § 1679c**

43. The CROA, pursuant to 15 U.S.C. § 1679c, outlines various disclosures that CROs must provide to consumers prior to entering into contracts with consumers, further requiring that such disclosures be provided in a document separate from the contract at issue.

44. Defendant violated § 1679c through its provision of the required disclosures contemporaneously with Plaintiff's signing of the contract and in the same document which contained Plaintiff's contract. Defendant's burying of these disclosures and failure to separate them from the rest of the contractual documents in a manner contrary to the CROA's requirement had the downstream negative consequence of preventing Plaintiff from clearly and conspicuously viewing the disclosures, including the disclosure that "neither you nor any 'credit repair' company or credit repair organization has the right to have accurate, current, and verifiable information removed from your credit report," which run directly contrary to the way in which Defendant held its services out to Plaintiff when inducing Plaintiff to sign up. Had Defendant complied with the disclosure requirements, Plaintiff would have been in a better position to realize the fraudulent and deceptive nature of Defendant's representations regarding its dispute capabilities and the information Plaintiff could reasonably have removed from his credit reports.

WHEREFORE, Plaintiff, CORNELL A. SUTTON, respectfully requests that the Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as the Honorable Court deems just and appropriate.

Dated: June 28, 2024                    Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Ste. 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com